The opinion of the court was delivered by
Breaux, J.
Plaintiff sued to recover damages sustained by his-wife in a fall from one of defendant’s street cars.
About 6:30 p. M. in the evening of March 20, 1893, she, with her daughter, on their way to her residence, notified the conductor that they wished to leave the car at Third street.
He alleges that the conductor failed to stop at Third, and that she was carried to Burthe street, where the car was stopped that they might leave; that immediately she proceeded to leave and was on the step in the act of getting off, when suddenly and without warning the car was put in motion, and, as a consequence, she was thrown from the step and fell violently to the ground; that she sustained severe injury, which caused pain, suffering and permanent physical disability.
The answer is a general denial.
The case was tried before a jury and a verdict for $1000 was rendered against the defendant. From a final judgment entered upon the verdict, the defendant appeals.
The facts are substantially as follows:
That the car stopped, as alleged, at Burthe instead of Third street, and that plaintiff’s wife was thrown to the ground from the steps while attempting to step down; that her daughter was standing on the platform and saw her mother fall; that she said to the conductor that in the stops he should allow the passengers time to alight; that the car was put in motion without having given these passengers ■time to step’ out and ’leave without injury.-
*1431 To this point of the ease the testimony of plaintiff’s witnesses is uncontradicted.
The defendant introduced a witness who testified that no woman fell from the car on the day alleged while he was conductor. He left the car at 6 o’clock, prior to the accident. The conductor who succeeded him in runningthe car was not introduced as a witness.
We therefore have before us, in so far as relates to the fall, only the testimony of plaintiff’s witness.
The attending physician testifies that she called at his office in a suffering condition; that her right hip was severely bruised, and she, in consequence, had high fever and suffered other ills; that he treated her more than three weeks, and that during several months she was unable to work. Most of the time, while under treatment, she was confined to her bed.
That she suffered no permanent injury.
As to the cause of one of her ills the testimony of her physician is contradicted by another physician called in by the defendant as an expert, who did not find any possible connection between that ill and the bruises as described.
BILL OK EXCEPTIONS.
To the ruling of the lower court, permitting evidence as to the number and age of plaintiff’s children to go to the jury, the defendant reserved a bill of exceptions on the ground of irrelevancy.
As partner in community the husband sued for damages in the loss of the services of his,wife to himself and their children. The number of plaintiff’s children may be the cause of more seriously feeling the loss, and in consequence it is admissible in evidence in assessing the quantum of damages.
In any view of the question, it is not of sufficient importance, and has not such bearing upon the issues, as to justify the court to remand the case. Interest repúblicas ut sit finis litium.